UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
STEVEN MACDONALD,                  )
                                   )      CIVIL ACTION
         Plaintiff,                )
                                   )      NO. 16-cv-12496-TSH
         v.                        )
                                   )
TOWN OF UPTON, BLYTHE              )
ROBINSON, TOWN ADMINISTRATOR       )
and JAMES GARDNER, DIRECTOR OF     )
COUNCIL ON AGING,                  )
         Defendants.               )
_____)

**MEMORANDUM AND ORDER ON DEFENDANTS
MOTION TO DISMISS**
(Doc. No. 23)

**February 26, 2018**

**HILLMAN, D.J.**

Steven MacDonald ("Plaintiff") brought the instant action after he was terminated from employment with the Town of Upton in 2014. Plaintiff seeks damages for discrimination on the basis of his disability[1] in violation of the Americans with Disabilities Act and Mass. Gen. Laws, ch. 151B, discrimination on the basis of his age in violation of the Age Discrimination in Employment Act and Mass. Gen. Laws, ch. 151B, and hostile work environment in violation of Mass. Gen. Laws, ch. 151B against former Upton town manager, Blythe Robinson, Plaintiff's former supervisor, James Gardner, and the town of Upton (the "Town"). The Town brings the instant motion to dismiss the state law claims.

---

[1] In 2004, Plaintiff was diagnosed with lumbar hernia in his back.

1

## Facts

Plaintiff worked for the Town as a maintenance worker and driver for the Upton Council on Aging ("COA") from 2006 to 2014, when he was terminated. He alleges that, beginning in 2010, Gardner discriminated against him because of his age and disability. For example, Plaintiff alleges that on a handful of times between February 2010 and March 2013, Gardner "docked" Plaintiff's pay resulting in a decrease of benefits and told Plaintiff that he would never be able to get another job because of his age. (Amended Complaint, ¶ 32). Gardner's discriminatory conduct against Plaintiff continued until March 1, 2013, when Gardner stopped working for the Town. While Gardner was still employed by the Town, Plaintiff informed Robinson about Gardener's discriminatory conduct towards him but Robinson "dismissed [Plaintiff's] complaints without discussion." (*Id*. at ¶ 30).

On June 20, 2013, Plaintiff filed a charge of discrimination in the Massachusetts Commission Against Discrimination ("MCAD"). In July 2013, Plaintiff's hours were further reduced to 19 hours per week, resulting in a loss of benefits. "While the MCAD's investigation proceeded, Plaintiff became increasingly concerned that Upton would terminate his employment based upon pretext" and in September 2014, "Plaintiff requested a leave of absence pending the resolution of the MCAD process. Robinson refused this request, and either Robinson or Upton misrepresented the nature of the leave requested by Plaintiff, claiming it to be health or mental health issues." (*Id*. at ¶ 47).

On September 30, 2015, the MCAD issued a finding of lack of probable cause. Plaintiff appealed, which was denied and the finding of lack of probable cause was affirmed. The Plaintiff subsequently filed this action in the U.S. District Court for the District of Massachusetts on

December 9, 2016.[2] After an Amended Complaint was filed, the Town of Upton filed the instant motion to dismiss Plaintiff's allegations brought under Mass. Gen. Laws ch. 151B.

**Standard**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 559 (2007). Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In evaluating a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.,* 199 F.3d 68, 68 (1st Cir. 2000). When a plaintiff is proceeding pro se, the plaintiff's complaint and other filings are "liberally construed." *Erikson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (citation omitted) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). However, "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir. 1997).

**Discussion**

A plaintiff must file his state law claims for discrimination "not later than three years after the alleged unlawful practice occurred." Mass. Gen. Laws ch. 151B, § 9. Therefore, in order for the Plaintiff's action to be timely the alleged unlawful act must have occurred on or after December 9, 2013.[3] The Amended Complaint alleges that Robinson and the Town are liable for

---

[2] This action was originally filed in the Eastern Division but was transferred to this Court on March 29, 2017.
[3] There are two time restrictions relevant to this action. A complaint filed pursuant to § 5 must be filed within 300 days of the alleged discriminatory conduct while § 9 limits the filing of civil actions to "90 days after filing a charge of discrimination in the MCAD…but not later than three

discrimination because they failed to stop Gardner from discriminating against Plaintiff.[4] Assuming, for purposes of this motion, that Robinson and the Town are liable for failing to intervene in Gardner's discriminatory conduct, that claim is time barred since all of the alleged discriminatory conduct committed by Gardner occurred while he was still employed by the Town, more than eight months before December 2013.

To the extent that Plaintiff argues that the continuing violation doctrine applies, the Court disagrees. In order for the continuing violation doctrine to apply, the plaintiff must show that "(1) at least one discriminatory act occurred within the . . . limitations period; (2) the alleged timely discriminatory acts have a substantial relationship to the alleged untimely discriminatory acts [and] (3) earlier violations outside the . . . limitations period did not trigger [the plaintiff's] 'awareness and duty' to assert his rights." *Ocean Spray Cranberries, Inc. v. Massachusetts. Comm. Against Discrimination*, 441 Mass. 632, 642 (2004). The purpose of the continuing violation doctrine is to permit conduct to be actionable in certain circumstances where "the improper conduct continues or evolves over a course of time" making it difficult for the plaintiff to determine their "discriminatory nature and impact." *Id*. at 641-42. (citing *Cuddyer v. Stop & Shop Supermarket Co.,* 434 Mass. 521, 531 (2001)).

---

years after the alleged unlawful practice occurred." Mass. Gen. Laws ch. 151B, §§ 5, 9. The Defendant focuses this motion to dismiss on § 9 arguing that all of the state law claims are barred by the 3 year statute of limitations.

[4] Plaintiff alleges that he suffered an adverse employment action on the basis of age and disability when his hours were reduced resulting in ineligibility of receiving benefits. The Plaintiff states that he was terminated in 2014 but he does not allege that his termination was a result of discrimination. In fact, the Amended Complaint suggests that Plaintiff was terminated as a result of failing to show up to work. (Amended Complaint, ¶ 47). Even assuming that Plaintiff was alleging unlawful termination on the basis of discrimination, the only fact alleged that is related to such a claim is that "[p]laintiff became increasingly concerned that Upton would terminate his employment based upon pretext." (*Id*. at ¶ 46). This statement is conclusory and not sufficient to state a claim.

The Plaintiff has failed to allege at least one discriminatory act that occurred within the statute of limitations period to act as the "anchor" for the pattern of discriminatory conduct. He points to the allegation that after he "requested a leave of absence pending the resolution of the MCAD process[,] Robinson refused and either Robinson or Upton misrepresented the nature of the leave requested…claiming it related to health or mental health issues…" (Amended Complaint, ¶ 47).[5] To the extent that this allegation suggests an inference of discrimination, it does not adequately act as the anchor to the earlier discrimination because, even assuming that this misrepresentation was substantially related to the previous discriminatory conduct, Plaintiff's awareness and duty to assert a claim was triggered prior to the misrepresentation.

The statute of limitations begins to accrue at the time the Plaintiff knows or should have known of the harm suffered as a result of the employer's discriminatory conduct. *Ocean Spray Cranberries, Inc.*, 441 Mass. at 643. Here, it is unequivocal that the Plaintiff knew that he was being discriminated against, at the latest by June 2013. The Amended Complaint states that Gardner made direct discriminatory threats and comments to him, that Plaintiff expressed these concerns to Robinson, and that after Plaintiff's hours were reduced, and after speaking with an attorney, he filed a complaint with MCAD. *See Ching v. Mitre Corp.*, 921 F.2d 11, 14 (1st Cir. 1990) (the statute of limitations began to accrue upon the informal notice to plaintiff's lawyer of plaintiff's termination because it was clear he was on notice of the harm, evidence by the fact that

---

[5] The Plaintiff also points to the allegation that Plaintiff "became increasingly concerned that Upton would terminate his employment based on pretext" and that "[o]n one occasion in August, 2014 Upton personnel falsely accused Plaintiff of 'angrily exiting' a room, and reported this to Upton Police. No Charges were ever filed," to argue that the continuing violation doctrine applies. (Amended Complaint, ¶ 46). Although these acts occurred within the statute of limitations period, I find that they consist of conclusory statements and allegations of conduct that are insufficient for a factfinder to draw a reasonable inference that the Plaintiff's hours and benefits decreased as a result of the Defendants discriminatory animus.

5

he filed an MCAD complaint four days later); *See Carter v. Commissioner of Correction*, 43 Mass. App. Ct. 212, 222 (1997) (applying the continuing violations doctrine to Mass. Gen. Laws ch. 151B section 9 statute of limitations). There can be no question that Plaintiff understood that he was being discriminated against months prior to December 2013. To permit the Plaintiff to rely on the misrepresentation of his request for leave in order to restart the statute of limitations clock, even when it is clear that he had actual notice of the discriminatory conduct, would subject the statute of limitations to be futile. *See Shay v. Walters*, 703 F.3d 76, 81 (1st Cir. 2012) ("Statues of limitations are critically important in the due administration of justice. They should not be lightly discarded.").

## Conclusion

For the foregoing reasons, the Defendants motion to dismiss the counts of age and disability discrimination, and hostile work environment pursuant to M.G.L. c. 151B (Doc. No. 23) is ***granted***.[6]

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

[6] To the extent that this Court granted the Second Amended Complaint, it would fail to state a viable claim the same for the reasons discussed above.